## Thomas Brown *v.* The Roger Williams Insurance Company.

## Thomas Brown *v.* The Hartford Insurance Company.

A policy of fire insurance effected by the owner and mortgagor of a stock of goods, by the terms of which the loss or damage, if any, is made payable to the mortgagee, is, in legal effect, assigned by the former to the latter, with the consent of the insurer, as collateral security for the mortgage debt; and, independently of any special clause in the policy enabling him, the mortgagor and the insurer cannot, the mortgage being unpaid, without the authority or consent of the mortgagee, submit, in case of loss, the amount of the same to arbitrators, so as to make their award binding upon the mortgagee.

A condition in a fire policy, " that no suit or action of any kind against the insured, for the recovery of any claim upon, under, or by virtue of the policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of twelve months next after the cause of action shall accrue; and, in case any such suit or action shall be commenced against the insured after the expiration of twelve months next after the cause of action shall have accrued, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced," is binding upon the insured, and not void as against the policy of the law.

Assumpsit to recover a loss upon a fire policy effected with the defendants. The first count in the declaration averred, " that George O. Bourn and William W. Brown, copartners under the firm of Bourn & Brown, on the first day of November, a. d. 1851, *were interested as mortgagors in certain stock contained in their rubber works, situated on Dorrance Street, in Providence, to the*

*value of five thousand dollars and upwards, and so continued interested therein, as mortgagors aforesaid,* until the destruction of said stock by fire, as hereinafter mentioned; and the said defendant corporation, afterwards, to wit, on the same day, in consideration of a premium in money, then and there, to wit, at said Providence, on the day last aforesaid, paid to them therefor by the said Bourn & Brown, made a policy of insurance upon the stock above described, *belonging to said Bourn & Brown,* the loss, if any, payable to the plaintiff, declared to be then, and at the time of the loss, mortgagee of the stock insured, signed by the president and secretary of said company, and countersigned by Job Andrews, the agent of said defendant corporation in said Providence on said first day of November, A. D. 1851, (which said policy is here in court, ready to be produced,) and thereby promised the said Bourn & Brown to insure the sum of twenty-five hundred dollars on said stock above described, from the first day of November, A. D. 1851, at noon, until the first day of November, A. D. 1852, at noon; and did therein promise and agree to make good unto the assured, their executors, administrators, and assigns, all such immediate loss or damage, not exceeding the said sum insured, as should happen by fire to the above described property, during the aforesaid period; said loss or damage to be estimated according to the true and actual cash value of said property at the time said fire should happen, and said sum so insured as aforesaid to be paid within sixty days after notice and proof of such loss or damage made by the assured and received at the office of said defendants, in conformity to the conditions annexed to said policy; and in case of such loss or damage by fire as aforesaid, the said amount to be paid to the said Thomas Brown." The declaration then set forth the ordinary exception in the policy, of loss or damage by fire occasioned by invasion, insurrection, riot, or civil commotion, or by military or usurped power, and the usual condition with regard to preliminary proof of the loss or damage—the renewal of the policy on the first day of November, 1854, subject to the like conditions, limitations, and exceptions, for one year, from said first day of November, 1854, at noon, to the first day of November, 1855, at noon, in consideration of a

certain premium paid by Bourn & Brown, under which, the loss, if any, was payable to the plaintiff—the accidental destruction, by fire, of the goods insured, on the 30th day of April, 1855, and, in detail, due notice and proof of the loss made and furnished to the insurers, according to the provisions of the policy in that regard ; and concluded with the ordinary averment, that though the sixty days after notice and proof of loss as aforesaid have elapsed, the defendants, though often requested, have never paid, &c., but refuse, &c.

The declaration also contained a count for interest, and the money counts.

To this declaration, the defendants filed the general issue, and, in answer to the first count in the declaration, two special pleas in bar.

The *first* special plea substantially alleged, that after the loss, and before the commencement of the suit, to wit, on the 8th day of May, 1855, Bourn & Brown, the insured mortgagors, and the defendants, together with the Roger Williams Insurance Company, insurers under a like policy upon the same stock, submitted themselves to the arbitration of Leander M. Ware and Henry Whitman, of Providence, in relation to the loss and damage by fire of the property insured, and agreed to abide their award ; and that after due notice to, and hearing of, the parties, said arbitrators made an award of the amount of loss and damage to be paid by each of the insurance companies, which was set forth in the plea as a bar to the first count in the declaration.

The *second* special plea averred, that " in and by the said policy in the said declaration mentioned, it is expressly provided, that no suit or action of any kind against the defendants for the recovery of any claim upon, under, or by virtue of said policy, should be sustainable in any court of law or chancery, unless such suit or action should be commenced within the term of twelve months next after the cause of action should accrue ; and in case any such suit or action should be commenced against the defendants after the expiration of twelve months next after the cause of action should have accrued, the lapse of time should be taken and deemed as conclusive evi-

dence against the validity of the claim thereby so attempted to be enforced; and the defendants in fact say, that the plaintiff did not commence his aforesaid action against them within the said period of twelve months next after his, the said plaintiff's, cause of action, if any, accrued to him; and this the defendants are ready to verify, wherefore, &c."

To the first of these pleas, the plaintiff demurred specially, averring, as his causes of demurrer, " that the said submission to arbitrators in said plea mentioned, was made without the consent or authority of said plaintiff; and that said award of said arbitrators, in said plea mentioned, was made without the consent or authority of him the said plaintiff, and was never assented to by him, of all which, the said defendants, then and there, had due notice ; and that said plea is, in other respects, uncertain, &c."

To the second plea, the plaintiff filed a general demurrer.

The defendants joined in the demurrers.

In the two suits, the titles of which are placed at the head of this report, the declaration and pleadings were in substance the same, and they were argued and submitted to the court at the same time.

*T. A. Jenckes,* for the plaintiff, in support of the demurrers, submitted that the demurrers in said cases should be sustained, and the pleas demurred to overruled, for the following reasons :—

1st. The said pleas do not aver that the submission to arbitration, set forth therein, was made by the authority of the plaintiff, or that it was ratified by him.

2d. The said pleas do not aver that the said plaintiff accepted the award set forth therein, as a valid and binding award in the premises, or that he ever assented to, ratified, or adopted said alleged award, as final and conclusive upon his rights in the premises.

3d. Because it is not competent for the defendants to stipulate that the plaintiff should submit to a special statute of limitations upon this particular contract, it being contrary to the policy of the law, that there should be any other rules of limitations than those established by the general statute.

*Bradley*, for the defendants, in defence of the pleas, submit-. ted:—

1st. The suit is not maintainable, not having been brought within the time limited by the policy. *Gray* v. *Hartford Ins. Co.* 1 Blatchf. 280; *Ames* v. *New York Union Ins. Co.* 4 Kern. 264; *Nelson* v. *Etna Ins. Co.* 1 Williams, (Verm.) 99.

2d. The contract of the defendants was made with Bourn & Brown, the owners of the property insured, and the plaintiff has no right of action upon it, although made for his benefit, because his interest is not an *exclusive interest*, but only the conditional interest of a mortgagee. *Treat* v. *Stanton*, 14 Conn. 445.

3d. Bourn & Brown, the contracting parties and owners of the property insured, had the right to bring suit upon the policy.

4th. If mere agents of the plaintiff, they had the same right by *common practice*. 2 Phillips on Insurance, 1965; 2 Arnould on Insurance, 1249.

5th. Having the right to sue, they have the right to arbitrate. *Bourn & Brown* v. *Hartford Ins. Co.* MSS. Opinion of Curtis, J., June, 1857.

6th. Especially, as the policy in the case requires them to make proof of loss, and provides in its conditions, that in case of disagreement as to the amount of loss, it may be submitted to arbitration.

7th. They must, at least, be presumed to be the agents of the plaintiff, under an authority which continues until notice of its revocation is given to the defendants.

8th. The interest of the plaintiff is merely in the money paya- ble after the loss is adjusted, and it is subject to be defeated by any act of Bourn & Brown which would have barred a recovery by them, or discharged the defendants from their liability on the policy. *Seth Grosvenor* v. *Atlantic Fire Ins. Co.* N. Y. Court of Appeals, June 1858; U. S. Ins. Gaz. & Mag. Oct. 1858, p. 315.

AMES, C. J. The first plea cannot be supported. The policy, as stated in the declaration, effected an insurance on the interest of Bourn & Brown in certain stock in their rubber works, which stock had been previously mortgaged to the plaintiff; and by

the express terms of the policy, as declared, the loss was made payable to the plaintiff. In legal effect, this was an assignment of the policy, concurred in by the insurance company, to the plaintiff, as mortgagee; by virtue of which, he alone was entitled to receive the amount of the loss, as additional collateral security for his debt. The plaintiff has not only a right of action upon this policy as long as his mortgage debt remains unpaid, which is the state of things disclosed by these pleadings, but a right of action without regard to the fact whether the debt be paid or not; that fact affecting only the account which he shall render to the mortgagees, of the proceeds of the action. *King* v. *The State Mut. Fire Ins. Co.* 7 Cush. (Mass.) R. 6, per Shaw, C. J.; *Grosvenor* v. *The Atlantic Fire Ins. Co.* 5 Duer, (N. Y.) R. 517, per Woodruff, J.; S. C. on appeal, U. S. Insurance Gazette, for October, 1858, p. 317, per Harris, J. As long as his debt remains unpaid, the mortgagee cannot be concluded as to the amount of the loss under such a policy by an award made under a submission of the mortgagors and the insurers, to which he was not a party, and to which, neither by prior authority or subsequent ratification, he had assented. In common justice, his interest in the policy required his assent to the adjustment of the loss, in order to make it binding upon him, whether the adjustment were made directly, or through the intervention of arbitrators appointed to make it. Arbitration is certainly a very proper mode of ascertaining the amount of a loss under a fire policy, and, as such, is contemplated by the instrument itself; but who must be parties to the submission to make the award binding in any particular case, unless the case be provided for in the policy, depends upon principles altogether independent of the policy; and which certainly do not allow the assignor of the policy substantially to affect the interest of the assignee therein, by a submission of this sort, made without the assent of the latter, subsequent to the assignment. As well might the mortgagor and his grantee of the equity conclude, by an award to which they alone had submitted, the amount due to the mortgagee upon his mortgage, as the mortgagor and the insurance company, by an award submitted to exclusively

by them, bind him as to the amount due upon his policy. Mortgage and policy are both collateral securities for the mortgage debt; but the value of neither can, in general, be impaired by an act of this sort, done without the assent of the mortgagee.

The policy may indeed be subject, in the hands of the assignee, to forfeiture for breach of a condition by the assignor of the policy, even though the breach happen after the assignment, which is the substance of the decision of the court of appeals of New York, in *Grosvenor* v. *The Atlantic Fire Ins. Co.* supra. However contrary to natural justice this may seem to be, it may be defended on the ground, that such is the contract; and that, subject to such liability to forfeiture for the future acts or neglects of the assignor, the assignee, knowingly, took the assignment.    There is no clause, however, in this policy, as set forth in the declaration, which expressly, or by implication, gives to the insured, after he has assigned the policy, the power to submit the rights of the assignee under it, in case of loss, to arbitration.    Even the common arbitration clause, to which reference has been made in the argument, is not stated in the declaration to be a part of this policy; and however probable it may be that it is a part of the policy sued, we cannot imply that it is, upon demurrer.    This plea is no answer to the declaration, and must be overruled.

The second plea presents a question of more difficulty, and upon which there is some conflict of authority; *Gray* v. *The Hartford Ins. Co.* 1 Blatchf. (U. S. C. C.) R. 280, *Ames* v. *New York Union Ins. Co.* 4 Kern. (N. Y.) R. 264, *Wilson* v. *Etna Ins. Co.* 1 Williams, (Verm.) R. 99, *Grant* v. *The Lexington, &c. Ins. Co.* 5 Ind. (Porter) R. 23, being authorities more or less in support of the plea, and *French* v. *The Lafayette Ins. Co.* 5 McLean, (U. S. C. C.) R. 461, condemning it, as setting up a stipulation of the policy which the decision declares to be void, because contrary to the policy of the statute of limitations. We cannot see the force of this objection to the condition in question; since the policy of the statute referred to is promptitude in the pursuit of remedies, so that they shall *not* be brought after the time limited, rather than that they shall be

maintained, if brought within that time, contrary to a positive condition inserted by the parties in their contract. One would think, that an agreement waiving the statute, which is good, would be far more obnoxious to its policy, than a condition of the sort we are considering. A covenant not to sue a cause of action is upheld as a release of it; and a covenant not to sue within a limited time, though not pleadable in bar of an action brought within the time, is nevertheless good as a covenant. Yet these stipulations quite as directly affect the remedy, and might as well be said to be contrary to the policy of the law of remedies, including the statute of limitations, as this condition with regard to the time within which a suit shall be brought upon a policy of insurance. They mould the legal rights of parties under a contract, and, in effect, make a new law for it; but it by no means necessarily follows, that this is contrary to the policy of the law. *That* must depend upon other considerations. The provision in the policy with regard to making preliminary proof of a loss within a limited time, is a condition imposed by the parties upon the right of the assured to recover for a loss; and in derogation, as might be said, of the common-law right of a party, upon full and sufficient proof in court, to recover damages upon a contract entered into with him. Yet this is upheld, as necessary to protect insurers against imposition by the assured; and, for a like reason—applicable to the proofs, in court, of the cause, extent, or amount of the loss, as well as that they may early ascertain and provide for their losses—it seems reasonable that insurers should be at liberty to provide for promptitude on the part of the insured in the commencement of suits against them. The arbitration clause of a policy—construed as shutting the assured altogether out of the courts of law for his remedy—is exposed to a different objection from any bearing merely upon the time, within which, in order to recovery, the assured shall commence his action in those courts. This objection, even as appears from the highest authority, does not apply to a clause in the policy of a mutual office, requiring, as a condition precedent to the right of recovery for a loss, that *the amount* of it should be first ascertained by arbitration; the courts distinguishing between such a con-

34 *

dition, and one which excludes the assured from all means to ascertain and enforce his *right of recovery*, except by arbitration. *Scott* v. *Avery*, 36 Eng. Law & Eq. R. 1. The case just cited, which went to the House of Lords, indicates, that the rule of policy referred to is not to be carried farther than former decisions require ; and certainly *they* do not embrace the question before us.

We deem this plea a good answer to the action, and judgment must therefore be entered for the defendants.[1]

---

[1] Since the above opinion was delivered, the Reporter has been obligingly furnished by Horace Gray, Esq., Reporter of the decisions of the supreme court of Massachusetts, with notes of two cases decided by that learned court, coinciding with the above decision as to the validity of such a clause in a policy of fire insurance :—that of *Amesbury & another* v. *Bowditch Mut. Fire Ins. Co.*, a case of the policy of a mutual office, since published in 6 Gray, 596 ; and that of *Fullam* v. *New York Union Ins. Co.*, a case of the policy of a stock company, since published in 7 Gray, 61. A similar clause in a fire policy was upheld by the supreme court of New Brunswick, in Trinity term, 1848, in the case of *Ketchum* v. *Protection Ins. Co.* 1 Allen, 136, 137.